# United States Bankruptcy Court
## Northern District of Indiana

In re: James Michael Chrisovergis
Sherry Lu Chrisovergis
Debtor(s)

Case No. **11-34321**
Chapter **13**

## CHAPTER 13 PLAN - AMENDED

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$960.00** per month for **58** months, plus **$1,834.00** lumpsum payment in month **2**.

   Total of plan payments: **$57,514.00**

2. <u>Plan Length</u>: This plan is estimated to be for **58** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
   (1) Trustee's Fee:   **Amount to be determined by the Office of the U. S. Trustee.**
   (2) Attorney's Fee (unpaid portion):   **$3,250.00 to be paid through plan in monthly payments**
   (3) Filing Fee (unpaid portion):   **NONE**

   b. Priority Claims under 11 U.S.C. § 507

   (1) Domestic Support Obligations

   (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   **-NONE-**

   (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
   |---|---|---|
   | -NONE- | | |

   (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   Claimant and proposed treatment:   **-NONE-**

(2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **Indiana Department of Revenue** | 331.58 | 0.00% |
| **Indiana Department of Revenue** | 1,671.68 | 0.00% |

c. Secured Claims

(1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| **Chase** | **Debtors' Residence: A part of the Southwest Quarter of Section 2, Township 37 North, Range 3 East, which part is described as beginning at a point 1231.2 feet east and 482 feet north of the southwest corner of said Section 2; running thenc** | 544.30 |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Indiana Department of Revenue** | 1,593.18 | 41.93 | 0.00% |
| **Personal Finance** | 1,200.00 | 31.58 | 0.00% |
| **SCS Credit Corp** | 3,000.00 | 78.95 | 0.00% |
| **St. Joseph County Treasurer** | 0.00 | 0.00 | 0.00% |

(b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Chase** | 68,036.28 | 544.30 | 9.60% |

d. Unsecured Claims

(1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

(2) General Nonpriority Unsecured: Other unsecured debts shall be paid **3** cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

   | Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
   |---|---|---|
   | **Chase** | **11,827.00** | **0.00%** |

6. The Debtor shall make regular payments directly to the following creditors:

   | Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
   |---|---|---|---|
   | **-NONE-** | | | |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **NONE. Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are rejected:

   | Other Party | Description of Contract or Lease |
   |---|---|
   | **-NONE-** | |

9. Property to Be Surrendered to Secured Creditor

   | Name | Amount of Claim | Description of Property |
   |---|---|---|
   | **-NONE-** | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

    | Name | Amount of Claim | Description of Property |
    |---|---|---|
    | **Bank of America** | 0.00 | **Debtors' Residence: A part of the Southwest Quarter of Section 2, Township 37 North, Range 3 East, which part is described as beginning at a point 1231.2 feet east and 482 feet north of the southwest corner of said Section 2; running thenc** |
    | **Cardiology Associates** | 0.00 | **Debtors' Residence: A part of the Southwest Quarter of Section 2, Township 37 North, Range 3 East, which part is described as beginning at a point 1231.2 feet east and 482 feet north of the southwest corner of said Section 2; running thenc** |
    | **Radiology, Inc.** | 0.00 | **Debtors' Residence: A part of the Southwest Quarter of Section 2, Township 37 North, Range 3 East, which part is described as beginning at a point 1231.2 feet east and 482 feet north of the southwest corner of said Section 2; running thenc** |

11. Title to the Debtor's property shall revest in debtor **upon completion of payments under the plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:
  1. While in this Chapter 13 bankruptcy, Debtor shall provide copies of his Federal and State income tax returns to the trustee every year.
  2. Debtor shall turn over to the Standing Chapter 13 Trustee all tax refunds, Federal and State combined, in excess of $500.00 every year.
  3. Vesting, Possession of Estate Property and Lien Retention: All property will remain property of the estate until discharge. The Debtor will remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [ 11 U.S.C. § 1306 (b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.
  4. Surrender or Abandonment of Collateral: Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned and the subject property shall be deemed abandoned from the estate.
  5. Prohibition against Incurring Post-Petition Debt: While this case is pending, the Debtor will not incur debt without first obtaining approval from the Court or the Trustee.
  6. Proof of Claims Required for Distributions: To receive distributions from the trustee under this Plan all creditors, including holders of secured claims, must file a proof of claim with the Bankruptcy Court.
  7. Debtor Duty to Maintain Insurance: Debtor will maintain all insurance required by law and contract upon property of the estate and the debtor's property.
  8. Curing of Mortgage Defaults: The rights of holders of claims secured solely by a mortgage on real property which is used as the principal residence of the debtor shall be modified only to the extent that (a) paying the amounts specified in the allowed claim, while making all post petition principal, interest and escrow payments, as required by the loan documents, shall result in full reinstatement of the mortgage according to its original terms and may extinguish any right of the mortgage holder to recover any amount alleged to have arisen prior to or during the pendency of the case, other than costs of collection, and (b) all costs of collection, including attorneys' fees, that arise during the pendency of this case shall be claimed pursuant to the requirement of this Plan, and if not so claimed, may be waived upon completion of this Plan.
  9. Entry of Orders Lifting Stay: Upon entry of order lifting stay, no distributions shall be made to the secured creditor until such time as amended deficiency claim is filed by such creditor.
  10. Secured Claims will be paid the value listed in the Plan or the value of the collateral listed in the proof of claim-whichever is less.
  11. Disbursements under the Plan: If a creditor applies payments in a manner not consistent with the terms of the Plan, or applies Trustee payments to post petition costs and fees without prior approval of the Bankruptcy Court, such actions may be a violation of 11. U.S.C.§ 524(I).
  12. It is the Debtor's intent to provide for every claim unless specifically stated otherwise. Unless the claim is set forth specifically in this Plan as a secured claim, the Debtor is purposely classifying the claim as unsecured and it will be treated as an unsecured claim despite a belief that it is a secured claim. Accordingly, the creditor must either timely object to confirmation of this Plan, or be deemed to have accepted this Plan's treatment of the Claim as provided herein.
  13. Other provisions:n/a

Date  01-25-2012    Signature _____
                               James Michael Chrisovergis
                               Debtor

Date  1/25/12       Signature _____
                               Sherry Lu Chrisovergis
                               Joint Debtor

Attorney for Debtor(s)
Marnocha & Associates
105 E. Jefferson Blvd.
Suite 800
South Bend, IN 46601
574-255-1147
marnochalaw@hotmail.com

## SERVICE

      A true and complete copy of the above and foregoing was served this 25th day of January, 2012, by depositing same in the United States mail in envelopes properly addressed and with sufficient first class postage affixed upon:

James and Sherry Chrisovergis, 55915 CloverRd., Mishawaka, IN 46545


By electronic e-mail to:

United States Trustee: ustpregion10.so.ecf@usdoj.gov
Debra Miller, Trustee:   dmiller@trustee13.com

                                                      /s/Benedict F. Marnocha
                                                      Benedict F. Marnocha